NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 19cr84 (EP) |
| v. | MEMORANDUM ORDER |
| RICHARD FERNANDEZ | |

**PADIN**, **District Judge.**

I.     BACKGROUND

Defendant Richard Fernandez pled guilty to (1) conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin and 400 grams or more of fentanyl and (2) possession of a firearm during and in relation to a drug trafficking crime. D.E.s 60, 81. On July 11, 2023, the Hon. John M. Vazquez, U.S.D.J. sentenced Defendant to a term of imprisonment of 70 months, and entered judgment on July 12, 2023. D.E. 90 (the "Judgment").

On August 11, 2023, Defendant filed a notice of appeal from the Judgment. D.E. 97 (the "Notice"). Defendant's filing of the Notice was untimely under Fed. R. App. P. 4(b)(1)(A)(i). *See* D.E. 113 ("Defendant's Letter Brief"). The Government sought to dismiss Defendant's appeal as untimely. *See* D.E. 111. Defendant argued before the Third Circuit that the District Court impliedly granted an extension of his filing deadline when it unsealed the record on November 30, 2023, "for purposes of his pending appeal." *Id.* (citing D.E. 105). However, as the Third Circuit noted, this Court made no findings about the timeliness of Defendant's appeal. *Id.* Nevertheless, the Third Circuit remanded the matter to this Court on March 17, 2025, to determine whether excusable neglect or good cause exists to extend the time to file a notice of appeal under Fed. R. App. P. 4(b)(4) ("Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a

notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."). *Id.*

On March 19, 2025, this Court accordingly ordered (1) Defendant to file, within 14 days, a letter brief addressing whether excusable neglect or good cause to extend is present and (2) the Government to file a responsive letter brief within 14 days of the filing of Defendant's Letter Brief. D.E. 112. Defendant timely filed his Letter Brief on March 31, 2025. D.E. 113. On April 14, 2025, the Government filed a letter requesting a two-week extension to speak with Defendant's former counsel, David Cohen. D.E. 116. The Government argued that "[b]ecause Fernandez contends that his untimely filing was 'due' to being misinformed about his appellate rights and Mr. Cohen's failure to clarify them, whether Mr. Cohen advised Fernandez regarding his appellate rights after sentencing is a crucial question for the Court in determining whether good cause or excusable neglect exists." *Id.* at 2. At the time the Government filed its extension request, Mr. Cohen had not responded to the Government's request to speak with him. *Id.* "The Government plan[ned] to ask Mr. Cohen two initial questions, neither of which[, it asserted,] would cause Mr. Cohen to reveal any privileged communications with his client. First, whether or not he counseled Fernandez after sentencing regarding his right to appeal; and second, whether Fernandez asked Mr. Cohen to file a notice of appeal on his behalf." *Id.* On April 17, 2025, the Court ordered Defendant to respond to the Government's extension request by April 21, 2025. D.E. 117. Defendant filed a responsive letter on April 20, 2025, objecting to the Government's request for an extension. D.E. 118. The Court then extended the Government's deadline to file its letter brief in response to Defendant's Letter Brief to April 28, 2025. D.E. 119.

2

On April 25, 2025, the Government instead filed a letter requesting that the Court enter an order permitting it to speak with Mr. Cohen and grant it an extension of time[1] to respond to Defendant's Letter Brief. D.E. 120. In its letter, the Government explained that Mr. Cohen had declined to speak to the Government absent a court order and requested an order permitting the Government to speak to him about Defendant's allegations related to his conduct. *Id.* at 3. Defendant filed a responsive letter objecting to the Government's requests for a privilege waiver and second extension on April 28, 2025. D.E. 121. On May 9, 2025, the Court entered an order holding in abeyance the deadline for the Government to file the response to Defendant's Letter Brief required by D.E. 113 pending the Court's issuance of "an order determining whether Defendant has waived the attorney-client privilege and, if so, to what extent." D.E. 122. For the following reasons, the Court now issues such an order.

## II.    ANALYSIS

The Court finds that Defendant has waived privilege as it relates to his claim that good cause or excusable neglect exists to extend his time to file his Notice due to, *inter alia*, Mr. Cohen's alleged failure to clarify Defendant's appellate rights and Mr. Cohen's alleged "abandonment" of Defendant after his sentencing. *See, e.g.*, D.E. 113 at 5, 7-8; D.E. 121 at 3.

The Third Circuit has held that a party implicitly waives their attorney-client privilege when it places the legal representation they received directly at issue. *See Emmanouil v. Roggio*, 499 F. App'x 195, 201 (3d Cir. 2012). Courts in this District have repeatedly applied that rule and found waiver of the privilege sufficient to permit the Government to interview a defendant's former attorney where the defendant has put the attorney's advice at issue by raising claims related

---

[1] The Court notes that, while the Government requests a 60-day extension in its letter, *see* D.E. 120-1, the Government's accompanying proposed order only provides for a 30-day extension, *see* D.E. 120-2.

3

to that advice. *See, e.g.*, *Amato v. United States*, No. 19-19449, 2021 WL 100211, at *1-2 (D.N.J. Jan. 12, 2021); *Ragbir v. United States*, No. 17-1256, 2018 WL 1871460, at *1-3 (D.N.J. Apr. 19, 2018); *Muhammad v. United States*, Crim. No. 12-789, 2016 WL 1243617, at *1-2 (D.N.J. Mar. 28, 2016). Of course, waiver is not unlimited in scope; the waiver is "limited . . . to attorney-client communications that are necessary for the resolution of the claims at hand." *Ragbir*, 2018 WL 1871460, at *3 (citing *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009)).

Here, Defendant has waived privilege as to (1) his communications with Mr. Cohen regarding Defendant's waiver of his appellate rights, as well as to (2) those communications more broadly related to Mr. Cohen's conduct after Defendant's sentencing, as they are necessary to resolve Defendant's claim that good cause or excusable neglect exists to extend his time to file his Notice based on, *inter alia*, Mr. Cohen's alleged failure to clarify Defendant's appellate rights and Mr. Cohen's alleged "abandonment" of Defendant after his sentencing.

*First*, Defendant's briefing puts the legal representation he received from Mr. Cohen at issue by repeatedly raising Mr. Cohen's alleged failure "to clarify the specific limitations on the waiver" of Defendant's right to appeal. D.E. 113 at 7; D.E. 118 at 6; D.E. 121 at 3. And, while Defendant appears to be suggesting that good cause or excusable neglect exists for his untimely Notice specifically based on, *inter alia*, Mr. Cohen's alleged failure to "clarify to Defendant *on the record* during the plea hearing nor during sentencing of the specific rights he continued to retain in light of the limited [appellate] waiver," *see* D.E. 121 at 3, the Court nevertheless finds that Defendant has waived privilege as to *all* of his communications with Mr. Cohen regarding Defendant's appellate waiver because communications beyond those made (or not made) on the record during the plea hearing are necessary to fairly resolve Defendant's claims regarding the timeliness of his Notice. *See Ragbir*, 2018 WL 1871460, at *3 (finding that, once a defendant has

4

waived privilege, that waiver "cannot be cabined at the defendant's option; irrespective of the defendant's subjective wishes, the waiver will be deemed broad enough to permit a fair resolution of the issues the defendant has asserted"). If, for instance, those communications were to reveal that Mr. Cohen did in fact correctly advise Defendant of the scope of his appellate waiver, that information would be necessary for the Government to be able to adequately respond to Defendant's Letter Brief—and thus necessary to the fair resolution of Defendant's claim that good cause or excusable neglect exists based on Mr. Cohen's alleged failure to advise Defendant of the scope of the waiver on the record during the plea hearing.

*Second*, Defendant also repeatedly asserts that he was "abandoned" by Mr. Cohen "the moment sentence was imposed" and was left to his own devices to file his Notice. D.E. 118 at 6; D.E. 121 at 3. Defendant further claims that Mr. Cohen "move[d] to immediately block Defendant's attempt to appeal by sealing the transcripts needed for appeal purposes" and that his "attempt to prevent an appeal was [a] root cause of Defendant's late filing and is significant grounds supporting 'good cause' to extend the time for the filing of Defendant's notice of appeal." D.E. 113 at 8-9. Defendant has accordingly put Mr. Cohen's actions after Defendant's sentencing at issue such that resolution of his good cause and excusable neglect claim requires a finding of waiver as to Mr. Cohen's communications with Defendant after his sentencing. While Defendant casts the Government as incorrectly "appearing to believe that Defendant's position that 'good cause' and 'excusable neglect' exists is *solely grounded* upon Mr. Cohen's advice (or the lack thereof) after Defendant was sentenced," D.E. 121 at 2 (emphasis added), and argues that "the record is clear that Defendant was misinformed regarding his right to appeal" and "[c]onsequently, the Government's intent to speak with Mr. Cohen in order to pursue facts outside the record is ill-advised," D.E. 118 at 3, it matters not whether or not Defendant claims that Mr. Cohen's alleged

conduct was the *sole* cause of his late filing of the Notice. What matters here is that Defendant has put Mr. Cohen's advice at issue by asserting that Mr. Cohen's conduct was *at least one* of the causes of his failure to file a timely Notice. The privilege waiver will therefore "be deemed broad enough to permit a fair resolution of the issues the defendant has asserted." *Ragbir*, 2018 WL 1871460, at *3. To hold otherwise "would undermine the very purpose behind the exception to the attorney-client privilege at issue here—fairness." *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 486 (3d Cir. 1995).[2]

Having established the scope of the privilege waiver, the Court now turns to Defendant's argument regarding the method by which the Government may speak to Mr. Cohen about the information subject to the waiver. In its letter responding to the Government's request for a finding of waiver, Defendant consented to a "waiver of the attorney-client privilege between Defendant and Mr. Cohen . . . limited to the issue of the plea agreement's appellate waiver . . . for the sole purpose of the Court conducting an evidentiary hearing on the matter where both Defendant and Mr. Cohen are available as witnesses and can be thoroughly examined and cross-examined in order to create a full record." D.E. 121 at 4-5. Given that this Court has already found waiver here, the scope of Defendant's consent thereto is immaterial, but the Court nevertheless considers Defendant's request for Mr. Cohen to testify in an evidentiary hearing instead of sitting for an interview with the Government. The Court, however, finds that Defendant has not shown an adequate basis for the Court to hold an evidentiary hearing. As explained *supra*, courts in this

---

[2] To the extent that the Government's interview with Mr. Cohen implicates information protected by the distinct work-product privilege, the waiver of attorney-client privilege discussed herein shall be considered equally applicable to any assertion of work-product privilege. *See Bittaker v. Woodford*, 331 F.3d 715, 722 n.6 ("Although our decision is couched in terms of the attorney-client privilege, it applies equally to the work product privilege, a complementary rule that protects many of the same interests.") (citing *Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981)); *Muhammed*, 2016 WL 1243617, at *l.

6

District have routinely permitted the Government to interview former defense counsel after finding that privilege has been waived. *See, e.g.*, *Amato*, 2021 WL 100211, at *2; *Ragbir*, 2018 WL 1871460, at *2; *Muhammad*, 2016 WL 1243617, at *1-2. The authority Defendant cites in support of his request for a hearing, *see* D.E. 121 at 4-5, does not address the prevalence of this practice nor does it provide any reason to depart from it here.[3] The Court will therefore permit the Government to interview Mr. Cohen rather than holding an evidentiary hearing at this juncture.[4]

### III. CONCLUSION AND ORDER

Accordingly, for the reasons above, it is **ORDERED** as follows:

1. Defendant has waived the attorney-client privilege as to his communications with Mr. Cohen (1) regarding Defendant's waiver of his appellate rights and (2) those related to Mr. Cohen's conduct after Defendant's sentencing;

2. The Government's request to interview Mr. Cohen regarding the communications over which Defendant has waived privilege is **GRANTED**;

3. Defendant's request for Mr. Cohen to testify at an evidentiary hearing is **DENIED** *without prejudice*;

4. The Government shall, **within 45 days** of this Order, file its responsive letter brief, *see* D.E. 112;

---

[3] Defendant relies on a quotation from a concurrence in *Brock v. Roadway Express, Inc.*, 481 U.S. 252, 270 (1987), a completely inapposite case holding that due process required notice to an employer of an employee's allegations of an unsafe work environment prior to reinstating the employee pending the resolution of the matter but *declining* to require a hearing prior to reinstatement. The other case Defendant cites, *United States v. McLaughlin*, 386 F.3d 547 (3d Cir. 2004), is also unavailing, as the Third Circuit simply found that none of the exceptions to the general rule that ineffective assistance of counsel claims are not entertained on direct appeal applied in that case.

[4] The Court notes that permitting the Government to interview Mr. Cohen will in no way prevent the Court from holding an evidentiary hearing in the future should it determine that such a hearing is necessary.

7

5. Until further court order, all future filings shall be made **UNDER SEAL.**

June 13, 2025

_____
Evelyn Padin, U.S.D.J.